# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF TENNESSEE
# NASHVILLE DIVISION

| | | |
|---|---|---|
| THOMAS PINTER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 3:15-00772 |
| | ) | Judge Sharp |
| MICHIGAN MUTUAL, INC., | ) | |
| | ) | |
| Defendant. | ) | |

## ORDER

Magistrate Judge Newbern has issued a Report and Recommendation ("R & R") (Docket No. 45) in which she recommends that Defendant's Motion to Dismiss (Docket No. 38) be denied. Having conducted the *de novo* review required by Rule 72(b) of the Federal Rules of Civil Procedure, the Court agrees with the recommended disposition and will adopt the R & R.

The Clerk has docketed "objections" from both parties. However, Plaintiff Thomas Pinter's objections are more in the nature of a request that this Court affirm the Magistrate Judge. In fact, he labels his filing as an "Objection to Objections" (Docket No. 49) and, both at the beginning and the end, he asks the Court to adopt the R & R in full. Thus, and because the Court will accept and approve the R & R, Plaintiff's "Objection" will be deemed moot.

Turning to Defendant Michigan Mutual Inc.'s objections, Defendant points to the well-settled law that, on a motion to dismiss, a court should not consider matters outside the pleading and argues that the Magistrate Judge erred in doing so. Defendant continues:

> Here, the magistrate judge admitted that he improperly considered matters outside of the pleadings when he relied on Plaintiff's Response Brief to find that Plaintiff had stated a claim for disability discrimination by alleging that he could perform the essential functions of his job as an account executive. See Doc. No. 45. To justify

1

> its reliance on matters outside of the pleadings, the magistrate judge cites to a footnote in Pegram v. Herdich [sic], 530 U.S. 211, 230 n. 10 (2000) for the assertion that it "may use Pinter's brief to clarify allegations in his complaint whose meaning is unclear." See id. p. 6. The magistrate judge's reliance on Pegram is misplaced. In Pegram, the Supreme Court *granted* defendant's motion to dismiss and noted, in a footnote, that any "uncertainty" about what the Plaintiff meant in the complaint "is dispelled by her brief." Id. at 230.

(Docket No. 47 at 3, emphasis in original).[1]

First, the Supreme Court did not grant defendant's motion to dismiss; rather, the Supreme Court reversed the Seventh Circuit's reversal of the district court's grant of a motion to dismiss for failure to state a claim. Second, while the ultimate outcome in Pegram was dismissal, see Herdrich v. Pegram, 6 F. App'x 480, 481 (7th Cir. 2001) ("Given the directive of the United States Supreme Court, the decision of the district court holding that count III . . . failed to state a claim upon which relief could be granted is now affirmed"), it does not follow that dismissal is warranted in this case, nor does it detract from the fact that the Supreme Court stated it could use plaintiff's "brief to clarify allegations in her complaint whose meaning is unclear." Pegram, 530 U.S. at 230 n.10.

Defendant goes on to acknowledge that pleadings filed by *pro se* litigants are generally afforded lenience, but points out there are limits. It cites Pilgrim v Littlefield, 92 F.3d 413, 416 (6th Cir. 1996) for that assertion, and Well v. Brown, 891 F.2d 591, 594 (6th Cir. 1989) for the proposition that courts have not been "willing to abrogate basic pleading essential in *pro se* suits." True enough, but the Sixth Circuit has also recognized that "Fed. R. Civ. P. 8(f) . . . provides that 'all pleadings shall be so construed as to do substantial justice,'" and that "'[t]he drafting of a formal pleading presupposes some degree of legal training or, at least, familiarity with applicable legal

---

[1] While this case was once assigned to Magistrate Judge Bryant, the R & R was authored by Magistrate Judge Newbern who is not a "he."

principles, and *pro se* litigants should not be precluded from resorting to the courts merely for want of sophistication.'" West v. Adecco Employment Agency, 124 F. App'x 991, 992-93 (6th Cir. 2005) (quoting Jourdan v. Jabe, 951 F.2d 108, 110 (6th Cir.1991)). Magistrate Judge Newbern undoubtedly attempted to do justice by allowing Plaintiff's claims to go forward at this time.

Defendant also contends that the R & R "did not address Defendant's argument that Plaintiff was not released to work at the time he was terminated" as evidenced by Plaintiff's allegations "that his own doctor 'would not release me as I was not ready,' and that 'I'll never be able to work again now.'" (Docket No. 47 at 4, citation omitted). It also argues that, "[t]o the extent the magistrate judge considered matters outside the pleadings, Defendant's motion should be converted to a motion for summary judgment.'" (Id. at 5). This is particularly so, Defendant maintains, because Plaintiff's present claims are allegedly incongruous with the Award of Benefits he received from the Social Security Administration.

It is true that "[i]f, on a motion under Rule 12(b)(6) or 12(c), matters outside the pleadings are presented to and not excluded by the court, the motion must be treated as one for summary judgment under Rule 56." Fed. R. Civ. 12(d). But Rule 12(d) also states that "[a]ll parties must be given a reasonable opportunity to present all the material that is pertinent to the motion," id., and this takes on added significance where a party is proceeding *pro se*. See Hernandez v. Coffey, 582 F.3d 303, 307 (2nd Cir. 2009) (citations omitted) (stating that "[o]rdinarily, formal notice is not required where a party 'should reasonably have recognized the possibility that the motion might be converted into one for summary judgment'" but that "[i]n the case of a pro se party, . . . '[n]otice is particularly important' because the pro se litigant 'may be unaware of the consequences of his failure to offer evidence bearing on triable issues'"); Christy v. Sheriff of Palm Beach Cnty., 288

Fed. App'x 3059718 (11th Cir. 2008) (citation omitted) (stating that, for purposes of Rule 12(d), "'a court should be particularly careful to ensure proper notice to a pro se litigant'"). Certainly, Defendant can reassert the arguments it now raises in the context of a motion for summary judgment.

It is also true that "a plaintiff can plead himself out of court," Progressive Foods, LLC v. Dunkin' Donuts, Inc., 491 F. App'x 709, 711 (6th Cir. 2012) (citation omitted), but this generally occurs when the "complaint includes 'facts that establish an impenetrable defense to [his] claims,'" Hecker v. Deere & Co., 556 F.3d 575, 588 (7th Cir. 2009) or "allege[s] fact that render success on the merits impossible," Sparrow v. United Air Lines, Inc., 216 F.3d 1111, 1116 (D. C. Cir. 2000), or "includ[es] factual allegations that establish that the plaintiff is not entitled to relief as a matter of law," O'Gorman v. City of Chicago, 777 F.3d 885, 889 (7th Cir. 2015). Here, Plaintiff may have a tough row to hoe in establishing his claims given the allegations he has made, but the Court finds that he has not pled himself out of court at this juncture.

Accordingly, the R & R (Docket No. 45) is hereby ACCEPTED and APPROVED, Defendant's Objections thereto (Docket 47) are OVERRULED, and Defendant's Motion to Dismiss (Docket No. 38) is DENIED. With these rulings, Plaintiff's Objection to Objections (Docket No. 49) is MOOT.

It si SO ORDERED.

_____
KEVIN H. SHARP
UNITED STATES DISTRICT JUDGE