UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

THOMAS PINTER,

    Plaintiff,

v.

MICHIGAN MUTUAL, INC.,

    Defendant.
_____/

Case No. 3:15-cv-00772
Honorable Denise Page Hood

## ORDER ACCEPTING REPORT AND RECOMMENDATION AND DISMISSING ACTION

*Pro se* Plaintiff filed this action against Defendant, alleging that he was wrongfully terminated and that Defendant failed to provide a reasonable accommodation, all in violation of the Americans with Disabilities Act, 42 U.S.C. § 12101 *et seq.* ("ADA"). On February 21, 2018, Defendant filed a Motion for Summary Judgment. Dkt. No. 62. After being granted an extension to respond, Plaintiff responded to Defendant's Motion for Summary Judgment on May 14, 2018. Defendant filed a reply on May 18, 2018. This matter comes before the Court on Magistrate Judge Alistair Newbern's Report and Recommendation. Dkt. No. 70. The Magistrate Judge recommends that the Court grant Defendant's Motion for

Summary Judgment. Objections were filed on behalf of Plaintiff on August 20, 2018, and Defendant filed a response to the Objections on August 22, 2018.

The Court has had an opportunity to review this matter and finds that the Magistrate Judge reached the correct conclusions for the proper reasons. The Objections prepared on behalf of Plaintiff (by his wife) were filed on August 20, 2018. The Court rejects Defendant's contentions that the Objections, due August 17, 2018, were untimely. Plaintiff is proceeding *pro se* and is not an ECF filer (and is not obligated to be), and the Objections were dated August 14, 2018, notarized on August 16, 2018, and mailed on August 16, 2018. *See* Dkt. No. 71, PgID 414-15. The Court finds that Plaintiff caused the Objections to be filed timely. Defendant next argues that the Objections were procedurally deficient because they were filed by Plaintiff's wife, who is not an attorney, such that the filing of the Objections "appears to constitute the unauthorized practice of law which is prohibited under Tennessee law." The Court finds it unnecessary to address that argument.

The Court instead addresses the substantive deficiency of the Objections. Even if some of Defendant's human resources personnel failed to communicate with Plaintiff on occasion or in the manner Plaintiff deemed appropriate, those circumstances do not absolve the deficiencies in Plaintiff's cause of action. Specifically, it is undisputed that Plaintiff was asked for "documentation that [he was] still under a doctor's care and not able to return to work, with the complete

2

dates that [he was] under that doctors [sic] care" and that Plaintiff never obtained a return-to-work release from a physician. The failure to provide a medical release to return to work bars his claim for wrongful termination under the ADA. *See, e.g., Gamble v. J.P. Morgan Chase & Co.*, 689 F.App'x 397, 402 (6th Cir. 2017) (citation omitted) ("our case law . . . establishes that an employee who has not been medically released to return to work, and therefore cannot perform the essential function of regularly attending to his or her job, is not a qualified individual for purposes of the ADA"). And, because Plaintiff did not request an accommodation of any kind before being terminated by Defendant, his failure-to-accommodate claim must be dismissed.

Finding no error in the Magistrate Judge's Report and Recommendation, and for the reasons stated above, the Court adopts all of the Report and Recommendation.

Accordingly,

**IT IS ORDERED** that the Report and Recommendation [Docket No. 70, filed July 31, 2018] is **ADOPTED** as this Court's findings of fact and conclusions of law for all purposes.

**IT IS FURTHER ORDERED** that Plaintiff's objections [Docket No. 71, filed August 20, 2018] are **DENIED.**

**IT IS FURTHER ORDERED** that Defendant's Motion for Summary Judgment [Docket No. 62, filed February 21, 2018] is **GRANTED.**

**IT IS FURTHER ORDERED** that this case is **DISMISSED**.

s/Denise Page Hood
DENISE PAGE HOOD
DATED: September 10, 2018  UNITED STATES DISTRICT JUDGE
SITTING BY SPECIAL DESIGNATION